## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHERYL HITT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:15-cv-1790-JHH |
| **UNITED OF OMAHA LIFE INSURANCE COMPANY,** | ) |
| **Defendant.** | ) |

## MEMORANDUM DECISION

The court has before it the April 29, 2016 Motion (Doc. #21) for Summary Judgment filed by Defendant United of Omaha Life Insurance Company ("United of Omaha"). Defendant contends that the Complaint is due to be dismissed because Plaintiff failed to exhaust her administrative remedies as required by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. After careful consideration of the evidence and applicable case law, the court concludes that the Motion (Doc. #21) for Summary Judgment is due to be denied for the following reasons.

### I. Background

Plaintiff filed her Complaint (Doc. #1) on October 14, 2015, alleging violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§

1001, et seq. (ERISA).  Defendant filed its Answer (Doc. #4) on November 6, 2015.  Pursuant to the court's November 11, 2015 order (Doc. #6), the parties filed a Joint ERISA report on February 18, 2016.  (Doc. #13).  Based on that report, the court issued a scheduling order (Doc. #14) setting a dispositive motion deadline for the parties to file cross motions for summary judgment.  Upon motion from Defendant (Doc. #15), the court modified the scheduling order to allow for Defendant to file a dispositive motion on the issue of whether Plaintiff failed to exhaust her administrative remedies.  (Doc. #16).  That Motion (Doc. #21) is now before the court and has been fully briefed by the parties.  (Docs. #22, 24, 25 & 27).

## II.  Statement of Relevant Undisputed Facts[1]

United of Omaha issued several policies, including a Group Short-Term Disability (STD) Insurance Policy, a Group Long-Term Disability (LTD) Insurance Policy and a Group Term Life and AD&D Insurance Policy, to Alliant Bank as part of an ERISA-governed plan.  (*See* Admin. Rec. at 1-43, 183-232, 924-976).  Alliant Bank delegated appropriate discretionary authority to United of Omaha to make benefit determinations under the policies.  (*Id.* at 30, 217, 970).  The policies provide the appeal procedures if United of Omaha denies a claim or terminates benefits under

---

[1] The court does not address the details of the medical records or medical reviews conducted during the claims investigation as this Motion (Doc. #21) focuses only on the issue of Plaintiff's exhaustion of her administrative remedies under ERISA.

2

the policies. (*Id.* at 32, 219). The STD and LTD Policies both allow for an "appeal within 180 days following . . . receipt of notification of an Adverse Benefit Termination." (*Id.*). The policies define as Adverse Benefit Determination as "a denial, reduction, or termination of, or a failure to provide of make payment (in whole or in part) for a benefit . . . ." (*Id.* at 31, 218). Additionally, the policies state that United of Omaha will notify a person making an appeal within forty-five (45) days of receipt of the request for an appeal. (*Id.* at 33, 220).

Plaintiff first applied for short-term disability benefits, and United of Omaha paid those benefits from September 27, 2010 until October 11, 2010, when Plaintiff briefly returned to work. (*Id.* at 143-44). Plaintiff stopped working altogether on November 1, 2010. (*Id.*).

On December 20, 2010, United of Omaha denied Plaintiff's STD claim, and relied primarily on a December 1, 2010 medical record indicating that Plaintiff could flex, extend, laterally bend, and rotate without evidence of instability. (*Id.* at 119-21). Plaintiff appealed the denial through counsel by letter dated January 18, 2011, and submitted additional medical record to support her claim for benefits. (*Id.* at 82-84). United of Omaha then conducted medical reviews of Plaintiff's new records and determined that Plaintiff's restrictions and limitations were supported as of October 12, 2010, and those restrictions were expected to last at least six to twelve months.

(*Id.* at 45-52).  As such, United of Omaha overturned its STD decision and paid benefits to Plaintiff beginning on November 7, 2010, and continued throughout the maximum short-term disability period of 25 weeks.  (*Id.* at 57, 182).

After the expiration of the short-term disability period, Plaintiff's claim was converted to a LTD claim, and United of Omaha paid LTD benefits beginning April 5, 2011.  On January 8, 2013, United of Omaha wrote a letter to Plaintiff to inform her that further benefits were denied and would not be paid.  (*Id.* at 355-61).  The letter informed Plaintiff that she had 180 days from receipt of the letter to appeal.  (*Id.* at 359).

On January 8, 2013, Plaintiff appealed the denial through counsel.  (*Id.* at 341).  Although it appears that United of Omaha received her appeal letter, it is undisputed that United of Omaha did not review the appeal in any way.  As a result, on August 7, 2013, Plaintiff filed a complaint in federal court against United of Omaha for failure to pay ERISA benefits.  (*See* Case No. 2:13-cv-1457-RDP).  After receiving notice of the suit, United of Omaha "reapproved" Plaintiff's claim effective August 13, 2013, paid back benefits to that date, and put her back on claim because it had failed to consider Plaintiff's appeal.  (Admin. Rec. at 869, 907).  The complaint was dismissed.  (*See* Case No. 2:13-cv-1457-RDP).

A little less than a year later, in a December 20, 2013 letter, United of Omaha

informed Plaintiff that benefits were no longer payable effective December 18, 2013, because it had determined that she was no longer disabled under the terms of the LTD Policy. (Admin. Rec. at 237-42). As with the previous denial letters, the December 20, 2013 letter informed Plaintiff that the claim determination would be final unless United of Omaha received an appeal within 180 days from receipt of the letter. (*Id.*). The letter provided an address to which a written request to appeal should be sent, and stated that United of Omaha would notify Plaintiff of its decision, or request an extension, within forty-five (45) days of when it received any appeal. (*Id.*).

According to Plaintiff, on January 21, 2014, counsel for Plaintiff drafted a letter appealing the decision to terminate Plaintiff's benefits. (Exh. A. to Doc. # 24). The 3-page single spaced letter provides detailed information regarding Plaintiff's disability and specific reasons why the decision should be reversed. (*Id.*). The letter ends with a reminder that Plaintiff's last appeal "slipped through the cracks" and was discovered only after a lawsuit was filed. (*Id.*). After drafting the letter, counsel's secretary and legal assistant correctly addressed the envelope to United of Omaha, put a stamp on the envelope, and placed the letter in the United States mail. (Exh. A. to Doc. #27). The letter was not returned as undelivered. (*Id.*).

United of Omaha contends that it never received any letter appealing the December 20, 2013 claims decision. (Exh. 1 to Doc. # 22). The ERISA record does

5

not contain a copy of the appeal letter. (*Id.*). United of Omaha contends that if it had received an appeal, it would be contained in the claim file, which is a part of the ERISA record.

## III. Analysis

ERISA requires employee benefit plans to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). As a result of this mandate, the Eleventh Circuit generally requires exhaustion of administrative remedies as a precondition to filing an ERISA action. *See Perrino v. Bellsouth*, 209 F.3d 1309, 1315 (11th Cir. 2000). The Eleventh Circuit, however, recognizes an exception to the exhaustion requirement where "resorting to the administrative route is futile or the remedy inadequate." *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990) (quotation omitted), *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1314 (11th Cir. 2001).[2] Where a valid exception applies, the district court has wide discretion to excuse the exhaustion requirement.

---

[2] The Eleventh Circuit has recognized another exception to exhaustion when the plaintiff's failure to exhaust administrative remedies resulted from certain language in the plan's summary description that the plaintiff "reasonably interpreted as meaning that she could go straight to court with her claim." *Watts v. BellSouth Telecomm., Inc.*, 316 F.3d 1203, 1204 (11th Cir. 2003). This exception is inapplicable to the case at hand.

*Perrino*, 209 F.3d at 1315.  Whether a plaintiff exhausts his or her administrative remedies is a question of law for the court to decide.  *Lanfear v. Home Depot, Inc.,* 536 F.3d 1217, 1221 (11th Cir. 2008).

In compliance with ERISA, the LTD policy at issue here provides Plaintiff a reasonable opportunity for a full and fair review and outlines the claim and appeal procedures.  The LTD policy states "You may appeal within 180 days following your receipt of notification of an Adverse Benefit Determination."  (Admin. Rec. at 219).  Additionally, in the December 20, 2013 denial letter, United of Omaha clearly explained that Plaintiff had the right to appeal within 180 days of her receipt of the letter.  (*Id.* at 241).  The letter provided the address to which a written request to appeal must be submitted and stated that United of Omaha would notify Plaintiff of its decision, or, if necessary, request an extension, within 45 days of when it receives an appeal from her. (*Id.*).  The letter ends that if United of Omaha does not "receive [Plaintiff's] appeal with 180 days from the date you receive this letter, [United of Omaha's] claim determination will be final.  (*Id.* at 242).

Defendant maintains that it did not receive an appeal of the December 20, 2013 decision to terminate Plaintiff's LTD benefits.  It is undisputed that United of Omaha's claim file and electronic claims system do not contain a request for an appeal from Plaintiff or from anyone on her behalf.  (Exh. 1 to Doc. #22 ¶ 4).

7

Additionally, the ERISA record does not contain a copy of any appeal of the December 20, 2013 decision. (*See* Admin. Rec. generally). According to United of Omaha, it did not hear anything from Plaintiff with regard to the denial decision until she filed the instant Complaint in October 2015. As such, United of Omaha maintains that Plaintiff failed to exhaust her administrative remedies. (Doc. #22 at 12-13).

In response, Plaintiff submitted a letter dated January 21, 2014 which clearly states that it is to be viewed as Plaintiff's "written notice of her intent to appeal this claims decision." (Exh. A to Doc. #24). This letter was addressed to United of Omaha using the address given in the denial letter to use for the purpose of making an appeal. (*Id.*). Additionally, Plaintiff submitted evidence that the letter was stamped, placed in the United States mail, and was not returned as undelivered. (Exh. A to Doc. # 27).

The question for the court is whether this letter, which was apparently not received by United of Omaha, satisfies Plaintiff's burden to exhaust her administrative remedies as a matter of law. The common law mailbox rule applies where there is a question regarding whether a document was received by the addressee. To properly invoke the mailbox rule, Plaintiff must offer sufficient evidence that "includes 'not only writing the letter and addressing it, but that it was

8

stamped and placed in the United States mail.'" *Brown v. Commonwealth Life Ins. Co.*, 22 F. Supp. 2d 1325, 1332 (M.D. Ala. 1998).

The Eleventh Circuit has not determined whether the common law mailbox rule applies to ERISA cases, at least three other Circuits have discussed this rule in the ERISA context. *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419-20 (5th Cir. 2007); *Schikore v. BankAmerica Supplemental Ret. Plan,* 269 F.3d 956, 961 (9th Cir. 2001); *Laird v. Norton Healthcare, Inc.*, 442 Fed. Appx. 194, 198-99 (6th Cir. 2011). Although these cases are not entirely analogous, the court agrees with the reasoning behind the use of the mailbox rule in this circumstance. Specifically, the court finds that the common law mailbox rule functions merely to create a presumption of receipt and that it only comes into play when there is a material question as to whether a document was actually received. *See, e.g. Schokore*, 269 F.3d at 963. That is exactly the question presented here.

Plaintiff satisfies all the requirements of the common law mailbox rule. Plaintiff has offered sufficient evidence to establish that her attorney wrote a letter appealing the December 20, 2013 denial decision and that her attorney's assistant types the letter, put it in an envelope with a stamp and put it in the United States mail. (Exh. A to Doc. #27). Even though United of Omaha has produced evidence that it never received the letter, the evidence submitted by Plaintiff creates a genuine issue

of material fact as to whether she exhausted her administrative remedies. Therefore, summary judgment is due to be denied.

In the alternative, even if the mailbox rule did not apply, Plaintiff has presented enough evidence to create a genuine issue of material fact as to whether exhaustion would be futile. Less than a year before the denial at issue here, Plaintiff appealed yet another denial of LTD benefits. (*See* Admin. Rec. at 341, 355-61). It is undisputed that the appeal was not reviewed in any way and that Plaintiff had to resort to the filing of a complaint in federal court to bring her appeal to the attention of United of Omaha. (See Case No. 2:13-cv-1457-RDP). During the pendency of that case United of Omaha put Plaintiff "back on claim" which resulted in the dismissal of the lawsuit. (*See id.*; *see also* Admin. Rec. at 869, 907). However, the December 20, 2013 denial letter was delivered prior to the dismissal of that first lawsuit. Then, just as before, Plaintiff sent a letter to United of Omaha appealing the denial and heard nothing in return. Based upon her recent experience detailed above, the court finds that these facts create a genuine issue of material fact as to whether exhaustion would be futile. As such, summary judgment is due to be denied for this separate reason.

## IV. Conclusion

For the forgoing reasons, summary judgment is due to be denied on the basis

of failure to exhaust. Plaintiff has established a genuine issue of material fact as to her failure to exhaust and, in the alternative, as to whether exhaustion would be futile. A separate order will be entered.

**DONE** this the   29th    day of June, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE